UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| **MARTIN T. WASSON, et al.,** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
|     vs. ) | Case No. 2:11CV46MLM |
| ) | |
| **KATHLEEN SEBELIUS, Secretary** ) | |
| **U.S. Department of Health and Human** ) | |
| **Services,** ) | |
| ) | |
|     **Defendant.** ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Kathleen Sebelius, Secretary of U.S. Department of Health and Human Services ("Defendant"). Doc. 4. Plaintiffs Martin Timothy Wasson, Laurie A. Wasson, Brian K. Wasson, and Rodney L. Wasson (jointly, "Defendants") have filed a Response. Doc. 10. Defendant has filed a Reply. Doc. 15. Also before the court is the Motion to Remand filed by Plaintiffs. Doc. 6. Defendant filed a Response to Plaintiff's Motion and a Supplemental Response. Docs. 10, 18. Plaintiffs filed a Reply. Doc. 16. Defendant has filed a Sur-Reply. Doc. 19. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 20.

### BACKGROUND

Plaintiffs filed a Complaint in the Circuit Court of Marion County, Missouri, on May 3, 2011, alleging: that Plaintiff Martin T. Wasson was bringing the cause of action individually and as the personal representative of the Estate of Margaret Suzanne Wasson ("the Decedent"); that the Decedent died on November 4, 2006; that Plaintiffs brought a claim for the wrongful death of the

Decedent; that the wrongful death claim was dismissed because the matter was settled; that the Department of Health and Human Services ("HHS") claimed a lien on the settlement proceeds; that decedent's survivors have denied the claim; that the decedent's survivors contend that "any claim of the estate is separate and distinct from the claims of a survivor" and that, therefore, "Medicare is entitled only to the Estate's allocated share of the proceeds" of the settlement; and that Plaintiffs were asking the court to determine the "nature and extent, if any, of any lien claim by [HHS] to a residential home negligence settlement for the wrongful death of [the Decedent]." Doc. 1, Ex. 1.

By letter, dated February 2, 2011, the Medicare Secondary Payer Recovery Contractor sent a letter to the Decedent's estate, which letter stated as follows:

> We are writing to you because we recently learned that you have made a liability claim relating to an illness, injury or incident occurring on or about 11/01/2006 and obtained a recovery. We have determined that you are required to repay the Medicare program $8,327.01 for the cost of medical care it paid relating to your liability recovery. ... .

Doc. 5, Ex. 2-A.

This letter further stated that the recipient had the "Right to Request a Waiver" and the "Right to Appeal." The letter explained both processes, including that the recipient had 120 days from receipt of the letter to file an appeal. By letter, dated May 23, 2011, addressed to the Decedent's estate, the Medicare Secondary Payer Recovery Contractor stated that a review of a request for waiver had been conducted and that it was determined that circumstances did not "fall within the criteria used to grant waiver." Doc.5, Ex. 2-B. The May 23, 2011 letter further stated that the amount due was $8,327.01; that interest, in the amount of $234.21, had accrued; that the estate had the right to appeal; and that appeal had to be filed 120 days from the date the letter was received.

Defendant was served with the Complaint filed in Marion County on May 9, 2011. Pl. Ex. B. United States Attorney General Eric H. Holder, Jr., was served on May 10, 2011. Doc. 6, Ex. D. On May 11, 2011, a copy of the Complaint filed in Marion County was received at the office of the United States Attorney, Eastern District of Missouri. Doc. 12, Ex. 1. Defendant removed this matter to federal court on June 10, 2011, pursuant to 28 U.S.C. §§ 1441 and 1442(a)(1).[1] Doc.1. Subsequently, Plaintiffs filed the pending Motion to Remand this matter to the court of Marion County and Defendant seeks to dismiss based on Plaintiffs' alleged failure to exhaust administrative remedies.

## MOTION TO REMAND

The court must first address Plaintiffs' Motion to Remand. Plaintiffs contend that Defendant's removal of this matter is untimely. Defendant responds that removal was not untimely.[2]

28 U.S.C. § 1446(b) provides:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Fed. R. Civ. P. 4(i) provides that:

(1) United States. To serve the United States, a party must:

---

[1] Section 1441(a) and (b) provides for removal of actions of which district courts have original jurisdiction. Section 1442 provides for removal when federal officers or agencies are sued.

[2] Alternatively, Defendant argues that federal interests require the court to consider the removal petition despite any alleged tardiness on the part of the government's removal. As the court finds, above, that removal was timely, the court need not address Defendant's alternative argument.

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought --or
(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

The Eighth Circuit has held that the thirty-day period commences to run thirty days from the date of service of the last served defendant. Marano Enters. of Kansas v. Z-Teca Rests., L.P., 254 F.3d 753, 757 (8th Cir. Mo. 2001). In the matter under consideration, the United States Attorney, Eastern District of Missouri, received the Complaint, by regular mail, on May 11, 2011. Doc. 12, Ex. 1. The thirty-day requirement of § 1446(b) commenced running on that date. Thus, removal of this matter on June 10, 2010 was timely.

Also, in support of their Motion to Remand, Plaintiffs argue that this matter is not removable pursuant to § 2442(a)(1) because it is not an action against an officer of the United States for an "act under color of such office or on account of any right, title or authority claimed under any act of Congress ... for the collection of revenue." Doc. 6 at 2. Plaintiffs to not contest the amount of the Medicare lien although they assert that the amount due pursuant to the lien is not recoverable from their portion of the settlement of the wrongful death action; they assert it is collectable only from that portion of the settlement apportioned to the Decedent's estate. The apportionment of the payment of the Medicare reimbursement among the Plaintiffs is a matter of State law. See Matis v. Leavitt,

554 F.3d 731, 732 (8th Cir. 2009) (citing Finney v. National Healthcare Corp., 193 S.W.3d 393, 395 (Mo. Ct. App. 2006)). As held by the Eighth Circuit:

> The Missouri wrongful death statute specifically provides that the beneficiaries may recover medical expenses that a decedent suffered between the time of injury and death "[i]n addition" to damages "for the death and loss," Mo.Rev.Stat. § 537.090, and the Missouri state courts have not held otherwise. In fact, the Missouri Supreme Court has stated that "damages incurred by the decedent before death, such as medical expenses and pain and suffering, are recoverable as part of the wrongful death claim," Powell v. American Motors Corp., 834 S.W.2d 184, 186 (Mo.1992), and has explained that "Missouri now has a combined death and survival statute under which damages may be recovered for the death and also for such damages as the deceased may have suffered between the time of injury and time of death," Stiffelman v. Abrams, 655 S.W.2d 522, 531 (Mo.1983).

Id.

Thus, settlement of all claims in a lawsuit brought pursuant to the Missouri wrongful death statute necessarily resolves the claim for medical expenses. Id. Although a claim for Medicare reimbursement is established by federal law and is calculated pursuant to federal regulations, 42 U.S.C. § 1395y(b)(2)(B)[3] and 42 C.F.R. Part 411, Subpart B, this is not an action to collect revenue by a federal official.[4] Rather, this is an action to apportion proceeds of a settlement pursuant to State law. As such, the court finds this matter was not removable pursuant § 1442(a)(1); that Plaintiffs' Motion to Remand should be granted; and that this matter should be remanded to the Circuit Court of Marion County.

Accordingly,

---

[3] 42 U.S.C. § 1395y(b)(2)(B)(i) provides that "[i]f a third party is responsible for injuring a qualified individual and Medicare pays for the resulting medical treatment, the payment is considered conditional and repayment to Medicare is required if the responsible party's liability insurer later makes a payment for those expenses. Mathis v. Leavitt, 554 F.3d 731, 732 (8th Cir. 2009). Additionally, "Medicare may seek reimbursement from "any entity" that receives such a payment. Id. (citing 42 U.S.C. § 1395y(b)(2)(B)(iii)).

[4] Plaintiffs should note that this court's ruling has no effect on the rights they may waive by failing to exhaust administrative remedies in regard to repayment to Medicare for the Decedent's medical expenses.

**IT IS HEREBY ORDERED** that the Motion to Remand filed by Plaintiffs is **GRANTED**; Doc. 6;

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendant is **DENIED**, as moot; Doc. 4

**IT IS FURTHER ORDERED** that the clerk of court shall take all action necessary to administratively return this matter to the Circuit Court of Marion County, Missouri, Probate Division.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of July, 2011.